J-M03005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RUSSELL SWANSON | : | |
| Petitioner | : | No. 69 WDM 2026 |

Appeal from the Order Entered July 1, 2026
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008872-2025

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, P.J.E.:            **FILED: August 11, 2026**

Petitioner, Russel Swanson, filed a Petition for Specialized Review ("Petition") from an order of the Allegheny County Court of Common Pleas, which revoked his bail.  Pursuant to Pa.R.A.P. 1610, ***Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024), and ***Commonwealth v. Miller***, 319 A.3d 575 (Pa. Super. 2024), this Court treats the Petition as a notice of expedited appeal.

On June 23, 2026, this Court issued a show-cause Order as to why we should not quash the appeal as taken from an order not entered upon the instant trial-court docket.  On July 2, 2026, Petitioner responded that the trial court proceeded to enter an order denying bail on July 1, 2026.  Having verified that such order has been entered on the docket, we treat the Petition

---

[*] Retired Senior Judge assigned to the Superior Court.

as an expedited appeal from the July 1, 2026 order of the court of common pleas.[1]  Upon review of the Petition, we affirm.

Accepting Petitioner's averments as true, we rely on the facts as stated in the Petition.  We highlight that on May 12, 2026, four months after the trial court granted Petitioner bond with electric home monitoring, Petitioner tested positive for Methamphetamine, Amphetamine, and THC.  The court revoked his bond based on those pre-trial tests and because of house-arrest violations.  A week later, the court reinstated bond to non-monetary conditioned on Petitioner's reporting in person to pre-trial services.  Petitioner was released, but a day later, the court denied his bond due to the continuing presence of THC in pre-trial drug tests.  This order was entered without a hearing on May 21, 2026.  Petitioner, through Counsel, filed a motion to modify bond on May 26, 2026, which the trial court subsequently denied.

This Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will.  ***Commonwealth v. Bishop***, 829 A.2d 1170, 1172 (Pa. Super. 2003).  This Court reviews whether the trial

---

[1] Although Petitions for Specialized Review do not have a corollary to Pa.R.A.P. 905(a)(5), pertaining to "notice[s] of appeal filed after the announcement of a determination but before the entry of an appealable order," due to the accelerated timelines of Petitions for Specialized Review and in the interests of justice, we treat the Petition as having been filed from the July 1, 2026 order.  We have corrected the caption accordingly.

court properly considered a non-exhaustive list of factors as laid out by our Supreme Court in **Commonwealth v. Talley**, 265 A.3d 485, 527 (Pa. 2021), namely: (1) the defendant's character; (2) relevant behavioral history or past patterns of conduct; (3) the gravity of the charged offense; (4) the conditions of bail reasonably available to the court; and (5) any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community. **See id.** at 525.

Petitioner argues that the trial court erred in its most recent ruling denying bail without a hearing. Petitioner contends that a hearing was necessary for the trial court to consider the **Talley** factors, particularly because the reasons on which the most recent revocation was based were merely allegations. We disagree.

Petitioner attached the notes of testimony from the May 12, 2026 hearing, when Petitioner's bond was initially revoked. The trial court heard testimony that this hearing was Petitioner's second involving violations of the electronic home monitoring conditions before the court. The court also heard testimony that, after several unsuccessful attempts by the probation department to contact Petitioner, Petitioner eventually appeared before the probation department, was tested for the presence of drugs in his system, and results indicated the presence of methamphetamine, amphetamine, and THC in his system. The court specifically revoked bond because he tested positive for those items; furthermore, there were "80-plus violations of EHM

[(electronic home monitoring)] that [were] alleged." N.T., 5/12/26, at 5. Regardless of the reasons for the court's reinstatement of bond with conditions a week later, Petitioner did not deny the "residual presence of THC in [Petitioner's] pretrial drug test." Petition, at unnumbered p.5 ¶ 19.

This Court has previously stated that a trial court may assess **Talley** "[i]n light of the trial court's familiarity with [the p]etitioner." **Commonwealth v. Dumas**, Superior Ct. Docket No. 83 EDM 2024, at 6 (Pa. Super. Feb. 4, 2025) (unpublished memorandum).[2, 3] We conclude that the trial court did not abuse its discretion in revoking Petitioner's bond, and we affirm its July 1, 2026 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/11/2026

---

[2] This Court may rely on unpublished memorandum decisions filed after May 1, 2019 as persuasive authority. **See** Pa.R.A.P. 126(b).

[3] While we do not condone the lack of a Pa.R.A.P. 1762(e) opinion, we conclude that the May 12, 2026 notes of testimony, combined with Petitioner's averments, provide us with sufficient information to review the trial court's order.